# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD SWANSON, | ) | CASE NO. 1:19 cv 629 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| LYNEAL WAINWRIGHT, WARDEN, | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Richard Swanson ("Swanson"), an Ohio prisoner incarcerated in the Marion Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1996 conviction of aggravated robbery pursuant to a guilty plea in the Cuyahoga County Court of Common Pleas. (Doc. No. 1.)

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, a federal district court is required to examine a habeas corpus petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the district court must summarily dismiss the petition. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

Upon review, the Court finds that the petition must be summarily dismissed. It is clear from the face of the petition, and the opinion of the Ohio Court of Appeals attached to it (Doc. No. 1–2

at 13–22[1]), that Swanson is not entitled to habeas corpus relief in district court.

As set out in *State of Ohio v. Richard Swanson*, No. 106566 (Ohio Ct. App. Oct. 11, 2018), attached to the petition, Swanson filed a notice of appeal of his conviction in 1999, but the appeal was dismissed by the Ohio Court of Appeals after Swanson failed to timely file his appellate brief. (*See* Doc. No. 1–2 at 17.) Nearly thirteen years later, on July 24, 2012, Swanson filed a motion in the trial court to correct his sentence, arguing his sentence was contrary to law and void. After the trial court failed to rule on that motion, Swanson sought a writ of mandamus in the Ohio courts, which the Ohio Court of Appeals denied. (*Id*. at 17–18.) On July 25, 2017, Swanson filed a motion in the trial court to correct void judgment, which the trial court also denied. (*Id*. at 18.) After Swanson appealed from that judgment, the Ohio Court of Appeals ruled that Swanson had failed to timely raise his claims for post-conviction relief under state law, and was jurisdictionally barred under Ohio's procedural rules from challenging his conviction in the Ohio courts. (*Id*. at 19–21.) The Ohio Supreme Court declined to accept jurisdiction of his subsequent appeal. (*Id*. at 13.)

"A petitioner procedurally defaults claims for habeas relief if the petitioner has not presented those claims to the state courts in accordance with the state's procedural rules." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

It is clear from the decisions attached to the petition that Swanson has procedurally defaulted his claims. Swanson failed to timely and properly present claims challenging his

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

conviction in the Ohio courts, and state law no longer provides an avenue for him to do so.

When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas corpus review is barred unless the prisoner can demonstrate cause for the default and actual prejudice to him. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). Swanson has not demonstrated adequate cause for his failure to timely challenge his conviction in the Ohio courts or actual prejudice to him.

Accordingly, the petition is denied and this action is dismissed in accordance with Rule 4 of the Rules Governing Habeas Corpus Cases. Swanson's motions for appointment of counsel (Doc. Nos. 3, 4) are denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: August 27, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**